STEPHEN E. RONK  (SBN: 164333)
MOLLIE BURKS-THOMAS (SBN: 222112)
SAT SANG S. KHALSA  (SBN: 256130)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA  90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470
sronk@gordonrees.com
mburksthomas@gordonrees.com
skhalsa@gordonrees.com

Attorneys for Defendant
J. Fletcher Creamer & Sons, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Antonio Martinez, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>J. Fletcher Creamer & Son, Inc., and Does 1-10,<br><br>Defendants. | CASE NO. CV 10 0968 PSG (FMOx)<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:  July 26, 2010**<br>**Time:  1:30 p.m.**<br>**Ctrm:  880**<br><br>[Filed concurrently with Separate Statement of Uncontroverted Facts and Conclusions of Law, and Declarations of Terrell Maroney and Mollie Burks-Thomas; and Request for Judicial Notice] |

///

///

///

- 1 -

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on July 26, 2010 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 880 before the Honorable Phillip S. Gutierrez of the United States District Court, Central District of California, Western Division, Defendant J. Fletcher Creamer & Son, Inc. (hereinafter referred to as "JFC") will and hereby does move for summary judgment or, in the alternative, partial summary judgment against plaintiff Antonio Martinez pursuant to Rule 56(b)-(d) of the Federal Rules of Civil Procedure.

This Motion is brought on the grounds that:

(1)   Plaintiff's employment relationship with Defendant was at all times governed by a Collective Bargaining Agreement ("CBA"), which provides a comprehensive grievance process for the resolution of all disputes arising under the CBA.

(2)   The CBA explicitly provides a time for payment of wages, hours of work, and working conditions.   The CBA further explicitly incorporates the requirements of California statutory law regarding minimum wage, meal periods, and rest breaks, as embodied in the applicable Industrial Wage Order, issued by the California Department of Industrial Relations.

(3)   The CBA further provides that the comprehensive grievance process shall be the exclusive method for resolving all disputes of the Wage Order.

(4)   As Plaintiff has not availed himself of the exclusive grievance process embodied in the CBA, this action cannot proceed.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on April 29, 2010.

This Motion is based upon this Notice of Motion and Motion, the

DEFENDANT J. FLETCHER CREAMER & SON, INC.'S
NOTICE OF MOTION FOR SUMMARY JUDGMENT OR,
IN ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CV 10-0968 PSG (FOMx)

1  accompanying Memorandum of Points and Authorities, the Declarations of Mollie

2  Burks-Thomas and Terrell Maroney, and any Exhibits attached thereto or

3  referenced therein, the Separate Statement of Uncontroverted Facts and

4  Conclusions of Law, all of which are filed and served concurrently herewith. This

5  Motion is also based upon all records and files in this action, and upon such other

6  and further evidence and argument as may be presented at, or prior to the hearing

7  of this Motion.

8  Dated: June 3, 2010                    Gordon & Rees LLP

9

10                                        By:  _____S/ Stephen E. Ronk_____
                                               Stephen E. Ronk
11                                             Mollie Burks-Thomas
                                               Sat Sang S. Khalsa
12                                             Attorneys for Defendant
                                               JFC & Son, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT J. FLETCHER CREAMER & SON, INC.'S                    CV 10-0968 PSG (FOMx)
NOTICE OF MOTION FOR SUMMARY JUDGMENT OR,
IN ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## <u>TABLE OF CONTENTS</u>

2

**I.**    INTRODUCTION ................................................................ - 1 -

3

**II.**   STATEMENT OF FACTS.................................................. - 1 -

4

     A.   The Employment Relationship is Governed by the Terms of a

5

           Collective Bargaining Agreement....................................... - 1 -

6

     B.   The CBA Incorporates the Statutory Rights that are the Basis of
           Plaintiff's Claims in this Action......................................... - 2 -

7

     C.   The CBA Provides for a Comprehensive Grievance and

8

           Arbitration Process as the Exclusive Remedy for the Rights
           Which are the Basis of Plaintiff's Claims in this Action ............... - 3 -

9

**III.**  ARGUMENT.................................................................. - 4 -

10

     A.   Legal Standard for Summary Judgment ........................... - 4 -

11

     B.   Affirmative Defenses At Issue ....................................... - 4 -

12

     C.   Agreements to Arbitrate Statutory Claims Are Valid.................. - 5 -

13

          1.   Mandatory Arbitration of FLSA Claims is Permissible........ - 5 -

14

          2.   Mandatory Arbitration of Statutory State Law Claims is

15

               Permissible............................................................. - 5 -

16

     D.   A Union Negotiated CBA that Requires Arbitration of Statutory
           Claims is Valid and Binding on Unionized Employees ................. - 6 -

17

     E.   Plaintiff, through his Union, Agreed to Abide by the Exclusive

18

           Grievance Process Provided for in the CBA.................................. - 7 -

19

          1.   The Right to Meal and Rest Periods Provided for by

20

               California Statute is Incorporated into the CBA .................. - 8 -

          2.   The Time for Payment of Wages, Overtime Provisions,

21

               provided by the FLSA and California Statute are also
               Preserved in the CBA .............................................. - 8 -

22

          3.   The CBA Provides a Clear and Unmistakable Agreement

23

               to Follow CBA-Mandated Processes for Violation of the
               Specific Rights at Issue............................................... - 9 -

24

**IV.**  CONCLUSION .................................................................. - 11 -

25

26

27

28

i

# TABLE OF AUTHORITIES

## Cases

*Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 501 (4th Cir. 2002) ........................ - 5 -

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) .......................... - 4 -

*Austin v. Owens-Brockway Glass Container, Inc.*, 78 F.3d 875 (4th Cir. 1996) - 5 -, - 7 -

*Bearden v. U.S. Borax*, 138 Cal.App.4th 429, 441 (2006) ................................ - 10 -

*Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 724 (9th Cir. 2000).... - 6 -

*Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 960 (2005)................ - 9 -

*Kuehner v. Dickinson & Co.*, 84 F.3d 316, 320  (9th Cir. 1996) ........................ - 5 -

*Mitsubishi Motors v. Soler  Chrysler-Plymouth*, 473 U.S. 614, 627 (1985)- 6 -, - 9 -

*Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–653 (1965) ....................... - 6 -

*United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 585 (1960) ........................................................................ - 6 -

*Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.*, 860 F.Supp. 1448 (C.D.Cal., 1993) .............................................................. - 4 -

*Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 80 (1998)................ - 7 -

*Wynne v. Tufts University School of Medicine*, 976 F.2d 791, 794 (1st Cir. 1999)- 4 -

## Statutes

*Cal. Code Regs.*, tit. 8, § 110160. ........................................................ - 8 -

*California Labor Code § 512* ............................................................. - 8 -

California Labor Code section 226.7....................................................... - 8 -

*Children's Hosp. Med. Ctr. v. Cal. Nurses Ass'n*, 283 F.3d 1188, 1195 (2002) .. - 8 -

*Mastro Plastics Corp. v. NLRB*, 350 U.S. 270 (1956); ...................................... - 7 -

JFC/1063317/7945464v.1

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    INTRODUCTION

Plaintiff Antonio Martinez seeks judicial relief against his former employer, Defendant J. Fletcher Creamer & Son, Inc. ("JFC"), for alleged violations of the Fair Labor Standards Act and California wage and hour law regarding meal and rest periods.  However, Plaintiff's employment relationship with JFC was at all times governed by the terms of a Collective Bargaining Agreement ("CBA"), which provided for a comprehensive grievance process as the exclusive remedy for alleged violations of the CBA.  The CBA explicitly adopts the statutory rights which are the basis of Plaintiff's claims in this action, and requires that any violation of those rights be exclusively resolved through the grievance procedure. Accordingly, Plaintiff, through his Union, agreed to the internal grievance procedure as the exclusive remedy for the claims which are the basis of this action. Plaintiff never sought to avail himself of the CBA's exclusive grievance procedure for these purported violations.

Accordingly, JFC requests that this Court find as a matter of law, that as Plaintiff is required to avail himself of the grievance procedure and remedies as specified in the CBA, and that as Plaintiff failed to do so, this action is barred, and Defendant JFC is entitled to summary judgment as to all claims.

### II.    STATEMENT OF FACTS

#### A.    The Employment Relationship is Governed by the Terms of a Collective Bargaining Agreement

Defendant J. Fletcher Creamer & Son, Inc. ("JFC") is a national construction company servicing businesses, governmental agencies, developers, and utility companies throughout the United States on infrastructure projects.  JFC is a Union Contractor Member of the Engineering Contractors Association ("ECA") which serves underground and heavy construction professionals in Southern California.

- 1 -

1   (See JFC's concurrently filed Statement of Uncontroverted Facts [hereinafter,

2   "UF"] No. 1.)  Plaintiff Antonio Martinez was a member of a Union, the Plaster

3   Tenders, Construction and General Laborers' Local No. 802. (UF No. 3.)  Plaintiff

4   was employed periodically by JFC from November 29, 1993, until April, 2009.[1]

5   (UF No. 2.)  The Local No. 802 is a member Union of the Southern California

6   District Council of Laborers ("SCDCL").  (UF No. 4.)  The ECA and the SCDCL,

7   on behalf of their respective membership, collectively bargained and negotiated a

8   Master Labor Agreement (the "CBA") governing the employment relationship

9   between Management and Labor of their respective members.  (UF No. 5.)  During

10  all relevant time periods, the terms of the employment relationship between

11  Plaintiff and JFC was governed by the CBA.  (UF No. 6.)

    **B.**    <u>The CBA Incorporates the Statutory Rights that are the Basis of</u>
<u>Plaintiff's Claims in this Action</u>

    The CBA provides for time for payment of wages, hours worked, and

working conditions.  (UF No. 7.)  The CBA describes and adopts by reference the

provision of California Labor Code and the applicable Industrial Wage

Commission Order governing wages, hours and working conditions in On-Site

Occupations in the Construction, Drilling, Logging and Mining Industries, (the

"Wage Order"). (UF No. 8.)  Specifically, the CBA language provides:

> The parties to this agreement recognize Industrial Wage Order
> 16 covering "On Site Construction, Mining, Drilling, and
> Logging Industries."  Any dispute or grievance arising from
> this Wage Order shall be processed under and in accordance
> with Article VI, Procedures for Settlement of Grievances and
> Disputes of this Agreement.  (UF No. 11.)

---

[1] Plaintiff routinely was laid-off and re-hired by JFC based on availability of work
throughout the referenced time period, however, for purposes of this motion, this is
not a material fact.

DEFENDANT J. FLETCHER CREAMER & SON, INC.'S                    CV 10-0968 PSG (FOMx)
NOTICE OF MOTION FOR SUMMARY JUDGMENT OR,
IN ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    The Wage Order governs wages, hours of work, and working conditions and

2    incorporates the requirements of the California Labor Code.  (UF No. 21.)

3    **C.**    The CBA Provides for a Comprehensive Grievance and Arbitration Process as the Exclusive Remedy for the Rights Which are the Basis

4    of Plaintiff's Claims in this Action

5    The CBA also provides for a comprehensive grievance and arbitration

6    process, as bargained for between the ECA and the SCDCL, and requires that

7    process be the exclusive remedy for any violation of the CBA.  (UF No. 9.)

8    Additionally, in adopting the provisions of the Wage Order, the CBA specifically

9    states that the grievance process contained therein shall be the exclusive remedy

10   for any alleged violation of the provisions of the Wage Order.   (UF No. 10.)

11   Specifically, the CBA language provides:

12   
13          The grievance process of Article VI shall be the exclusive
            method for resolving all alleged violations on this Wage Order
14          and the time limitations of Article VI shall apply."  (UF   No.
            11.)
15   On February 9, 2010, Plaintiff filed suit against JFC in the United States

16   District Court, alleging violations of the California Labor Code, and the Fair Labor

17   Standards Act, specifically:  (1) Failure to Pay Overtime in Violation of the FLSA,

18   (2) Failure to Pay Minimum Wage in Violation of California Law, (3) Failure to

19   Provide Meal Periods, (4) Failure to Pay All Wages Each Pay Period, (5) Failure to

20   Provide Accurate Wage Statements, (6) Failure to Pay All Wages Upon

21   Termination, and (7) Unfair Competition.  (UF No. 12.)  Neither Plaintiff nor his

22   Union ever filed a grievance asserting the claims raised in this present lawsuit.

23   (UF No. 13.)

24   On March 18, 2010, JFC filed its Answer to Plaintiff's Complaint, asserting

25   among its specific denials and other affirmative defenses, that Plaintiff's claims

26   could not proceed as a matter of law because the terms of his CBA exclusively

27

28

- 3 -

DEFENDANT J. FLETCHER CREAMER & SON, INC.'S
NOTICE OF MOTION FOR SUMMARY JUDGMENT OR,
IN ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CV 10-0968 PSG (FOMx)

1  required to proceed under the grievance procedure outlined therein.  (UF No. 14.)

2  III.    **ARGUMENT**

3  **A.    Legal Standard for Summary Judgment**

4          Rule 56 of the Federal Rules of Civil Procedure provides that summary

5  judgment "shall be rendered forthwith" upon a showing that "there is no genuine

6  issue as to any material fact and . . . the moving party is entitled to a judgment as a

7  matter of law."  An issue is "genuine" for summary judgment purposes only where

8  there is a sufficient evidentiary basis upon which a reasonable fact finder could

9  find for the nonmoving party, and a fact is "material" for this purpose only it if

10 could affect the outcome of the action under governing law.  *Anderson v. Liberty*

11 *Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  "This requirement has sharp teeth; the

12 plaintiff 'must present definite, competent evidence to rebut the motion.'"  *Wynne*

13 *v. Tufts University School of Medicine*, 976 F.2d 791, 794 (1st Cir. 1999).

14 Evidence that is "merely colorable or is not significantly probative" cannot deter

15 summary judgment.  *Anderson*, 477 U.S. at 250.

16         Upon a showing that there is no genuine issue of material fact as to

17 particular claims, the Court may grant summary judgment in a moving party's

18 favor upon all or any part thereof.  *Wang Laboratories, Inc. v. Mitsubishi*

19 *Electronics America, Inc.*, 860 F.Supp. 1448 (C.D.Cal., 1993).

20 **B.    Affirmative Defenses At Issue**

21         Defendant moves for Summary Judgment based on its eighteenth and

22 twentieth affirmative defenses, which are as follows:

23             For an eighteenth, separate and affirmative defense, Defendant

24         alleges that each and every one of Plaintiff's claims are barred,
            in whole or in part, because he failed to exhaust his

25         administrative remedies under the applicable Collective

26         Bargaining Agreement or California Labor Code sections 98-
            98.2.  (UF No. 15.)

27

                                                       - 4 -

28 DEFENDANT J. FLETCHER CREAMER & SON, INC.'S                    CV 10-0968 PSG (FOMx)
   NOTICE OF MOTION FOR SUMMARY JUDGMENT OR,
   IN ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM
   OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

For a twentieth, separate and affirmative defense, Defendant is informed and believes that Plaintiff is barred from pursuing these claims in court because they are subject to mandatory and final binding arbitration.  (UF No. 16.)

## C.    Agreements to Arbitrate Statutory Claims Are Valid

Agreements to arbitrate statutory claims are "`valid because they rest on the premise of fair representation.'" *Austin v. Owens-Brockway Glass Container, Inc.*, 78 F.3d 875 (4th Cir. 1996) -quoting *Metropolitan Edison Co. v. NLRB*, 460 U.S. 693, 705 (1983).   Accordingly, when a union has agreed to arbitrate statutory claims, "an employee must follow the grievance procedure established by the collective bargaining agreement prior to filing suit in federal court." *Id.*

### 1.    Mandatory Arbitration of FLSA Claims is Permissible

Statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the Federal Arbitration Act (9 U.S.C. § 1 *et. seq.*) which provides in pertinent part, "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  FLSA wage and hour claims have been held subject to mandatory arbitration proceedings where an enforceable arbitration agreement covers the claims.  See *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 320  (9th Cir. 1996)—employment contract signed by securities sales representative bound him to arbitrate in accordance with agreement that included FLSA claims; *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 501 (4th Cir. 2002)—arbitration agreement contained in temporary employment agency's standard application covered wage and hour claims.

### 2.    Mandatory Arbitration of Statutory State Law Claims is

- 5 -

DEFENDANT J. FLETCHER CREAMER & SON, INC.'S
NOTICE OF MOTION FOR SUMMARY JUDGMENT OR,
IN ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CV 10-0968 PSG (FOMx)

<u>Permissible</u>

The United States Supreme Court "has repeatedly made clear that arbitration may resolve statutory claims as well as those purely contractual if the parties so intend … ." *Broughton v. Cigna Healthplans*, 21 Cal.4th 1066, 1075 (1999). Arbitration may resolve statutory claims as well as those purely contractual if the parties so intend, and that in doing so, the parties do not forego substantive rights, but merely agree to resolve them in a different forum. *Mitsubishi Motors v. Soler Chrysler-Plymouth*, 473 U.S. 614, 627 (1985).

Employment agreements may require the employee to utilize alternative dispute resolution procedures (e.g., mediation or arbitration) before commencing suit on any claims arising from the employment, including statutory discrimination claims. The employee's failure to exhaust such dispute resolution mechanisms may bar any lawsuit on the claim, unless the employee can show the agreement to arbitrate was unenforceable or invalid. *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 724 (9th Cir. 2000).

**D.    A Union Negotiated CBA that Requires Arbitration of Statutory Claims is Valid and Binding on Unionized Employees**

As a general rule, union members seeking redress for disputes within the scope of their collective bargaining agreement ("CBA") must follow the grievance procedures agreed upon by the employer and their union (e.g., arbitration). *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–653 (1965). Because public policy favors settlement of labor-management disputes in this manner, any doubt about whether a particular dispute falls within the grievance clause is usually resolved in favor of the CBA's arbitration remedy: "(O)nly the most forceful evidence of a purpose to exclude the claim from arbitration can prevail" under a broadly-worded arbitration clause. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 585 (1960).

- 6 -

DEFENDANT J. FLETCHER CREAMER & SON, INC.'S
NOTICE OF MOTION FOR SUMMARY JUDGMENT OR,
IN ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CV 10-0968 PSG (FOMx)

Union-negotiated collective bargaining agreements that require the arbitration of statutory discrimination claims are valid and binding on unionized employees. *Austin v. Owens-Brockway Glass Container, Inc.*, 78 F.3d 875 (4th Cir. 1996). In *Austin*, the court noted that under *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991), employees were free to enter into pre-dispute agreements to arbitrate statutory employment claims. *Austin*, 78 F.3d at 880-82. The *Austin* Court stated that it "found no reason to preclude enforcement of such agreements when they were entered into as part of a CBA, "[a] union has the right and duty to bargain for the terms and conditions of employment.... The right to arbitrate is a term or condition of employment, and as such, the union may bargain for this right." *Id.* at 885.

**E.      Plaintiff, through his Union, Agreed to Abide by the Exclusive Grievance Process Provided for in the CBA**

Where a CBA "clearly and unmistakably" waives the union members' right to sue, statutory claims may be resolved through the arbitration process. *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 80 (1998). In *Wright*, the Supreme Court considered whether a general arbitration clause could be invoked to preclude a union member from filing in federal court for violations of the ADA. The Supreme Court held that in order to waive rights to a judicial forum for statutory rights, the waiver in the CBA must be "clear and unmistakable." *Id.* at 396. The Supreme Court's opinion in *Wright* indicates that the requisite degree of clarity can be achieved by drafting an explicit arbitration clause. Under this approach, the CBA must contain a clear and unmistakable provision under which the employees agree to submit to arbitration all federal causes of action arising out of their employment. The "clear and unmistakable" standard is determined by the provisions of the particular collective bargaining agreement at issue and the intent of the parties. See *Mastro Plastics Corp. v. NLRB,* 350 U.S. 270 (1956);

- 7 -

DEFENDANT J. FLETCHER CREAMER & SON, INC.'S
NOTICE OF MOTION FOR SUMMARY JUDGMENT OR,
IN ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CV 10-0968 PSG (FOMx)

*Children's Hosp. Med. Ctr. v. Cal. Nurses Ass'n*, 283 F.3d 1188, 1195 (2002).

### 1.   The Right to Meal and Rest Periods Provided for by California Statute is Incorporated into the CBA

Under California law, an employer may not employ any person for a work period of more that five hours in a day without providing a meal period of not less than thirty minutes. *California Labor Code* § 512.   Under California Labor Code section 226.7, employers are not permitted to require employees to work during any meal period or rest break mandated by an applicable order of the Industrial Welfare Commission.   The applicable Order with respect to the Plaintiff is the California Department of Industrial Relations, Wage Order No. 16, which applies to persons employed in the Construction industry.   *Cal. Code Regs*., tit. 8, § 110160.

The language of the CBA explicitly recognizes Wage Order No. 16.   (UF No. 17.)   The CBA also provides for meal periods in compliance with the requirements of the statutory authority. (UF No. 18.)   At Article XVI, the CBA specifically acknowledges the application of Wage Order 16 with respect to the provision of meal and rest periods. (UF No. 8.)   The exact language of the CBA is as follows:

> The parties to this agreement recognize Industrial Wage Order 16 covering "On Site Construction, Mining, Drilling, and Logging Industries."   Any dispute or grievance arising from this Wage Order shall be processed under and in accordance with Article VI, Procedures for Settlement of Grievances and Disputes of this Agreement. (UF  No. 11.)

### 2.   The Time for Payment of Wages, Overtime Provisions, provided by the FLSA and California Statute are also Preserved in the CBA

The CBA also provides a time for payment of wages. (UF  No. 19.)   The CBA also provides for hours of overtime, and corresponding premium pay. (UF No. 20.)

- 8 -

DEFENDANT J. FLETCHER CREAMER & SON, INC.'S
NOTICE OF MOTION FOR SUMMARY JUDGMENT OR,
IN ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CV 10-0968 PSG (FOMx)

3.   The CBA Provides a Clear and Unmistakable Agreement to Follow CBA-Mandated Processes for Violation of the Specific Rights at Issue

By explicitly recognizing and adopting the rights granted by statute, the CBA is in no way requiring the parties to forego their substantive rights. Arbitration may resolve statutory claims as well as those purely contractual if the parties so intend, and that in doing so, the parties do not forego substantive rights, but merely agree to resolve them in a different forum. *Mitsubishi Motors v. Soler Chrysler-Plymouth*, 473 U.S. 614, 627 (1985). Here, the CBA provides a specific agreement to resolve all violations of the Wage Order through the grievance process of Article VI.

> The grievance process of Article VI shall be the exclusive method for resolving all alleged violations on this Wage Order and the time limitations of Article VI shall apply." (UF No. 11.)

Further, the CBA provides that its grievance process shall be the exclusive remedy for any violation of the Agreement. (UF No. 9.) Based on the explicit language of the CBA, it is clear that the waiver of the judicial forum, in favor of the grievance and arbitration procedure of Article XVI satisfies the "clear and unmistakable" standard.

In *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 960 (2005), the Court held that truck driver class members (subject to Wage Order No. 9), were not required to exhaust a mandatory arbitration requirement where they alleged statutory California wage and hour violations. The CBA at issue in that case merely stated a generalized arbitration provision, "[a] grievance is any controversy between the Company, the Union or an employee arising out of an alleged violation of a specific provision of this Agreement." *Id.* In ruling against the Defendant employer, the Court held that although statutory rights violations

- 9 -

DEFENDANT J. FLETCHER CREAMER & SON, INC.'S
NOTICE OF MOTION FOR SUMMARY JUDGMENT OR,
IN ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CV 10-0968 PSG (FOMx)

1   allegations can be resolved by arbitration, the parties in that case did not
2   specifically agree to arbitrate the statutory violations because the generalized
3   recital did not demonstrate a "clear and unmistakable" intent to arbitrate statutory
4   claims. *Id.*

5       Again, in *Bearden v. U.S. Borax*, 138 Cal.App.4th 429, 441 (2006), the
6   Court followed a similar analysis to *Cicairos* and found that the vague, generalized
7   language of the specific CBA in that case also did not provide a clear intention of
8   the parties to resolve their legal claims by way of a non-judicial mechanism.

9       In both *Cicairos* and *Bearden*, the vehicle to resolve violations of the
10  parties' CBA was simply a generalized agreement to arbitrate. In stark contrast,
11  the CBA in this case expressly adopts the requirements of California law and the
12  applicable Wage Order, *and* also explicitly states that it is the intention of the
13  parties to the CBA to arbitrate disputes involving the Wage Order (as incorporated
14  into the CBA), to the exclusion of all other potential remedies. This distinction is
15  important because the absence of the specific language was the basis for both the
16  *Cicairos* and *Bearden* courts conclusion that the waiver of judicial remedies was
17  not "clear and unmistakable." In contrast, the CBA provision here shows that the
18  waiver by the parties of judicial remedies in favor of arbitration as the exclusive
19  remedy was both clear and unmistakable. Indeed, the language of the CBA in the
20  present case could not be any more precise:

21          The grievance process of Article VI shall be the exclusive
22          method for resolving all alleged violations on this Wage Order
            and the time limitations of Article VI shall apply." (UF No.
23          11.)

24      Accordingly, there can be no dispute that the provisions of the CBA in this
25  case includes the agreement to resolve California statutory claims regarding
26  minimum wage, meal periods, accuracy of wage statements, payment of wages and
27

- 10 -

28

1   overtime exclusively through the non-judicial and expressly agreed-upon grievance
2   process.  It is also undisputed that Plaintiff has not availed himself of the agreed-
3   upon process.
4   IV.   **CONCLUSION**
5        Plaintiff failed to avail himself of the required grievance procedure and
6   remedies set forth in his CBA, thereby barring the instant lawsuit.  Accordingly,
7   Defendant J. Fletcher Creamer & Son, Inc., respectfully requests that this Court
8   enter summary judgment in its favor as to all of Plaintiff's claims.
9   **Dated:  June 3, 2010**                    Gordon & Rees LLP
10
11                                  By:  _____S/ Stephen E. Ronk_____
                                         Stephen E. Ronk
12                                       Mollie Burks-Thomas
                                         Sat Sang S. Khalsa
13                                       Attorneys for Defendant
                                         JFC & Son, Inc.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT J. FLETCHER CREAMER & SON, INC.'S
NOTICE OF MOTION FOR SUMMARY JUDGMENT OR,
IN ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CV 10-0968 PSG (FOMx)